IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

---

**In re: CCA Recordings 2255 Litigation**,
     **Petitioners,**

v.               Case No. 19-cv-2491-JAR

                  **(This Document Relates to Case No. 16-cr-20016-DDC-4,** *United States v. Juan Carlos Ramirez-Gonzalez* **and Case No. 20-cv-2476-JAR,** *Juan Carlos Ramirez-Gonzalez v. United States*)

**United States of America.**
     **Respondent.**

---

**MEMORANDUM AND ORDER**

Petitioner Juan Carlos Ramirez-Gonzalez filed a Motion to Vacate and Discharge with Prejudice under 28 U.S.C. § 2255, which was later amended (Docs. 436, 442), alleging that the government violated the Sixth Amendment by intentionally and unjustifiably becoming privy to recordings of his attorney-client communications.[1] He asks the Court to reject the government's request to dismiss this action on procedural grounds and to find that he has made a sufficient showing to warrant an evidentiary hearing. As a remedy, Petitioner asks the Court to vacate his conviction and term of imprisonment with prejudice to refiling or, alternatively, to reduce the term of imprisonment imposed for his admitted offense and vacate his term of supervised release. The matter is fully briefed, and the Court is prepared to rule. As explained in detail

---

[1] Unless otherwise specified, citations prefaced with "Doc." refer to filings and docket entries in the underlying criminal case, No. 16-20016-DDC-4. Citations prefaced with "*CCA Rec. Lit.*, Doc." refer to filings and entries in this consolidated case, No. 19-2491-JAR.

1

below, the Court dismisses Petitioner's Sixth Amendment intentional-intrusion claim without an evidentiary hearing.

I.  **Procedural History and Background**

Petitioner was charged with conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine (Count 1); conspiracy to distribute and possess with intent to distribute 500 grams or more or cocaine (Count 2); using a communication facility to commit a drug crime (Count 6); and maintaining a drug-involved premises (Count 9).[2]

Petitioner was detained at Corrections Corporation of America ("CCA") from February 23, 2016 to October 10, 2019.  While detained, he met with his attorney, Mark Thomason. These meetings were video-recorded by CCA.

On May 1, 2019, Petitioner filed a Motion for Confidential Legal Visitation and Return of Property Pursuant to Fed. R. Crim. P. 41(g), alleging that CCA had potentially recorded four of his meetings with counsel at CCA and may have provided those recordings to the government.[3]  He further argued that the government violated his Sixth Amendment rights by interfering with his right to counsel.[4]  Five days later, Petitioner moved to withdraw the motion, advising the court that "Defendant has agreed on a plea agreement in this case and as part of the agreement is agreeing to withdraw the document."[5]  The court granted the motion the same day.[6]

Less than two weeks later, Petitioner pleaded guilty to Count 1 pursuant to a Fed. R. Crim. P. 11(c)(1)(C) binding plea agreement.[7]  Per the written agreement, the parties proposed

---

[2] Doc. 40.

[3] Doc. 266.

[4] *Id.* at 3–5.

[5] Doc. 271.

[6] Doc. 272.

[7] Doc. 297.

2

that the Court sentence Petitioner to 135 months' imprisonment, followed by five years of supervised release, and a $50,000 money judgment representing the value of the drug proceeds Petitioner personally derived from the offense.[8]  The government agreed to dismiss Counts 2, 6, and 9 of the Indictment, and not file additional charges arising out of facts forming the basis for the present Indictment.[9]

At the sentencing hearing on September 24, 2019, then-presiding Judge Carlos Murguia determined that the applicable Guidelines range was 210 to 262 months' imprisonment.[10]  The court accepted the parties' Rule 11(c)(1)(C) plea agreement, however, and sentenced Petitioner to 135 months' imprisonment as proposed by the parties.[11]  On the government's motion, the Court dismissed Counts 2, 6, and 9.[12]

The case was subsequently reassigned to Judge Daniel D. Crabtree after Judge Murguia resigned from the bench.[13]  On September 25, 2020, Petitioner filed a pro se motion under 28 U.S.C. § 2255, alleging that Thomason provided ineffective assistance of counsel by failing to file a pretrial motion to dismiss the Indictment based on prosecutorial misconduct.[14]  Petitioner further alleged that the government's "interception and dissemination" of his telephone calls with Thomason violated his Fifth Amendment right to due process and Sixth Amendment right to counsel.[15]  According to Petitioner, Thomason provided ineffective representation because he

---

[8] *Id.* ¶ 3.

[9] *Id.* ¶ 5.

[10] Doc. 438 at 5; Doc. 389 ¶ 117.

[11] Doc. 438 at 13.

[12] Docs. 391, 392.

[13] Doc. 407.

[14] Doc. 436.

[15] Doc. 437 at 6.

failed to "thoroughly investigate the videotapes and phone calls" despite allegations and information made available in another criminal matter, *United States v. Black*.[16]

The Federal Public Defender entered her appearance in Petitioner's case on October 9, 2020, and filed an amended § 2255 motion.[17] The original and amended § 2255 motion were then transferred to the undersigned.[18] In the amended motion, Petitioner abandoned his claim of ineffective assistance of counsel against Thomason and instead asserted that the government violated his Sixth Amendment rights by "intentionally and unjustifiably becoming privy to video recordings of his confidential attorney-client communications."[19] Petitioner claims that he is entitled to vacatur of his conviction and sentence under § 2255 or, in the alternative, a sentence reduction.[20]

On November 23, 2020, retained counsel entered their appearances for Petitioner in this § 2255 proceeding.[21] Retained counsel filed a reply in support of the amended § 2255 motion that did not address the pro se ineffective assistance claim against Thomason raised in Petitioner's original motion that was abandoned in the amended motion.[22] Counsel recently filed a Request for Hearing on Petitioner's Amended Motion.[23]

---

[16] *Id.* at 7–8.

[17] Docs. 439, 440, 441, 442.

[18] Doc. 442.

[19] *Id.* at 1.

[20] *Id.* at 1–2.

[21] Docs. 459, 460.

[22] *Ramirez-Gonzalez v. United States*, No. 20-2476, Doc. 13.

[23] *Id.*, Doc. 15.

4

**II.    Discussion**

Petitioner is one of many petitioners in this consolidated matter who allege pre-plea Sixth Amendment violation claims, including Matthew Spaeth, whose pre-plea claim was dismissed by this Court as foreclosed by the rule in *Tollett v. Henderson*.[24]  In *Tollett*, the United States Supreme Court rejected a pre-plea constitutional challenge where the defendant failed to show that the violation rendered his guilty plea involuntary and unknowing.[25]  The Court deferred ruling on Petitioner's § 2255 motion pending the outcome of Mr. Spaeth's appeal.

On June 12, 2023, the Tenth Circuit Court of Appeals affirmed this Court's ruling in *Spaeth*.[26]  The Tenth Circuit ruled: (1) the carve-out provision in Spaeth's unconditional standard plea agreement did not constitute a waiver of the government's right to raise, or create an exception to, the rule of law in *Tollett*, and because Spaeth has not met his burden under *Tollett* to vacate his unconditional guilty plea, this Court did not err in ruling that Tollett bars his Sixth Amendment challenge;[27] (2) Spaeth's reliance on the per se Sixth Amendment violation rule in *Shillinger v. Haworth*[28] is misplaced because that case did not concern *Tollett*'s guilty-plea situation and "has nothing to do with whether a guilty plea is voluntary or knowing";[29] and (3)

---

[24] 411 U.S. 258, 266 (1973); *see Spaeth v. United States*, No. 19-2413-JAR-JPO, Docs. 3, 7, 8; *CCA Rec. Lit.*, Docs. 730, 785, 922.

[25] *Tollett*, 411 U.S. at 266; *see Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985) (adopting two-part test for ineffective assistance of counsel claim in the plea context: "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

[26] *United States v. Spaeth*, 69 F.4th 1190 (10th Cir. 2023).  The mandate issued August 21, 2023.

[27] *Id.* at 1204–08.

[28] 70 F.3d 1132, 1142 (10th Cir. 1995) (holding a per se Sixth Amendment violation occurs when the government becomes privy to an attorney-client communication because of its purposeful intrusion that is not justified by any legitimate law enforcement interest).

[29] *Spaeth*, 69 F.4th at 1211.  The court declined to decide "what effect any per se presumption of a Sixth Amendment violation might have in applying the *Hill* prejudice standard—a reasonable probability that the defendant would not have pleaded guilty absent the deficient performance." *Id.*

*Tollett* precludes Spaeth from challenging his sentence based on an alleged pre-plea Sixth Amendment violation.[30] The court concluded:

> We abide by several principles that the Supreme Court made transparent 50 years ago. When a defendant voluntarily and knowingly pleads guilty, the defendant acknowledges that unconstitutional conduct preceding the guilty plea is irrelevant to the admission of factual guilt. As a result, we do not assess the merits of pre-plea constitutional claims but instead ask whether ineffective assistance of counsel caused defendants to enter their guilty pleas involuntarily and unknowingly. *Tollett* and its progeny tell us how to answer that question: challengers must show ineffective assistance of plea counsel. Because Spaeth does not even contend that his counsel performed deficiently, or that such deficient performance prejudiced him by depriving him of a trial right he would have chosen, we conclude that Spaeth's § 2255 motion must be dismissed.[31]

The Tenth Circuit's ruling in *Spaeth* compels dismissal of Petitioner's amended § 2255 motion. Petitioner's Sixth Amendment claim arises from three video recordings of attorney-client meetings with Thomason that took place at CCA on February 26, March 8, and April 11, 2016. The government had possession of and access to these recordings prior to Petitioner's May 17, 2019 guilty plea.[32] Petitioner challenges both his conviction and his sentence based on this alleged Sixth Amendment violation by the government. Like Mr. Spaeth, Petitioner relies on *Shillinger* and does not attempt to meet the applicable *Tollett* standard for showing that ineffective assistance of counsel caused him to enter his plea involuntarily and unknowingly. He

---

[30] *Id.* at 1212–13.

[31] *Id.* at 1213.

[32] The government had possession of and access to hundreds of hours of video recordings obtained from CCA in a separate criminal matter from May 17, 2016 until August 9, 2016, when it disgorged the videos to the Court. *See CCA Rec. Lit.*, Doc. 784 at 13; *United States v. Carter*, No. 16-20032-JAR, Doc. 758 (D. Kan. Aug. 13, 2019).

6

is also precluded from challenging his sentence based on any alleged pre-plea violation. Accordingly, Petitioner's § 2255 motion is dismissed in its entirety.[33]

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[34] If the district court denies a habeas petition on procedural grounds without reaching the merits of petitioner's underlying constitutional claim, "the prisoner must show both (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"[35] For the reasons explained above, Petitioner has not made a substantial showing on either prong and the Court therefore denies a COA.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Juan Carlos Ramirez-Gonzalez's Motion to Vacate and Discharge with Prejudice under 28 U.S.C. § 2255, as amended (Docs. 436, 442) is **dismissed** without an evidentiary hearing. Petitioner is also **denied** a COA.

**IT IS SO ORDERED.**

Dated: September 14, 2023

  S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[33] The Court does not reach the government's alternative ground for dismissal that Petitioner procedurally defaulted on his claim.

[34] 28 U.S.C. § 2253(c)(2).

[35] *United States v. Park*, 727 F. App'x 526, 528 (10th Cir. 2018) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).