IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JUAN CARLOS RAMIREZ-GONZALEZ (04),

                Defendant.

Case No. 16-20016-04-DDC

## MEMORANDUM AND ORDER

Defendant Juan Carlos Ramirez-Gonzalez has filed a pro se[1] Motion to Reduce his sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 595. The government filed a response. Doc. 602. The court lacks jurisdiction and dismisses Mr. Ramirez-Gonzalez's motion for the following reasons.

**I.    Background**

On May 17, 2019, Mr. Ramirez-Gonzalez entered a guilty plea (Doc. 297) to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, violating 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(viii). On September 24, 2019, a federal probation officer prepared an Amended Presentence Investigation Report (PSR). Doc. 389. Based on the quantity of drugs, 4.5 kilograms of methamphetamine mixture, the PSR determined

---

[1] Because defendant proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

that Mr. Ramirez-Gonzalez had a base offense level of 38. *Id.* at 22 (PSR ¶ 81). The PSR added two points because the methamphetamine was imported unlawfully from Mexico. *Id.* (PSR ¶ 82). The PSR deducted three points because Mr. Ramirez-Gonzalez accepted responsibility and timely notified authorities of his intent to enter a plea. *Id.* at 23 (PSR ¶¶ 88–89). Based on the 2018 Guidelines Manual, Mr. Ramirez-Gonzalez had a total offense level of 37. *Id.* (PSR ¶ 90).

Mr. Ramirez-Gonzalez's criminal history produced zero criminal history points, establishing a criminal history category of I. *Id.* at 24 (PSR ¶ 97). Title 21 U.S.C. §§ 846 and 841(b)(1)(A) require a minimum imprisonment of 10 years if a defendant is found guilty of conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine. "Based upon a total offense level of 37 and a criminal history category of I, the guideline imprisonment range [was] 210 months to 262 months." *Id.* at 27 (PSR ¶ 117). The parties' binding plea agreement recommended a sentence below the advisory guideline range: 135 months and five years of supervised release. Doc. 297 at 14 (Plea Agreement). On September 24, 2019, the court sentenced Mr. Ramirez-Gonzalez to imprisonment for 135 months and five years of supervised release. Doc. 391 at 2–3.

Mr. Ramirez-Gonzalez asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to his September 2019 sentence and reduces his offense level by two levels. Doc. 595 at 4. The court addresses Mr. Ramirez-Gonzalez's motion, but first, recites the governing legal standard.

## II.     Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request."

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

> (1) on motion of the Director of the Bureau of Prisons or the defendant, if defendant exhausts administrative remedies, if special circumstances exist;
>
> (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
> (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Mr. Ramirez-Gonzalez asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range.  Doc. 595.

Effective November 1, 2023, Part B of Amendment 821 lowered the sentencing range by two levels for certain defendants with zero criminal history points.  U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).  The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

3

    (8)    the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

    (9)    the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

    (10)    the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.* Even if a defendant satisfies each § 4C1.1 criterion, the court only may reduce a sentence if it "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2023).

**III.**    **Analysis**

Here, Mr. Ramirez-Gonzalez qualifies as a zero-point offender and thus would qualify for a reduction in his criminal history score. Under Amendment 821, Mr. Ramirez-Gonzalez's offense level would drop from 37 to 35. Based on an adjusted total offense level of 35, his guideline sentence would decrease from 210–262 months to 168–210 months.

But Mr. Ramirez-Gonzalez still isn't entitled to a reduction. The court sentenced Mr. Ramirez-Gonzalez to 135 months' imprisonment, which is below the amended guideline range. Because Mr. Ramirez-Gonzalez's sentence "is less than the minimum of the amended guideline range," his request doesn't fall under 18 U.S.C. § 3582(c)(2). U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2023). The Guidelines Commentary illustrates this point. Specifically, Application Note 3 hypothesizes the following situation:

    Guideline Range applicable at sentencing:    70 to 87 months

    Defendant's actual sentence:    56 months

4

   Amended Guideline Range:       51 to 63 months

*Id.* § 1B1.10 Application Note 3.  The Application Note explains that the court may reduce the defendant's sentence "but [the court] shall not reduce it to a term less than 51 months[,]" *i.e.*, the bottom end of the Amended Guideline Range.  *Id.*  And yet, this forbidden result is necessarily what Mr. Ramirez-Gonzalez asks the court to do here.

   The court sentenced him to serve 135 months in prison.  So, to reduce his sentence by the minimum amount possible would result in a 134-month sentence.  And 134 months is below the bottom end—168 months—of the amended guideline range.  The court thus lacks authority to reduce Mr. Ramirez-Gonzalez's sentence.  This conclusion means that the court thus lacks jurisdiction and must dismiss Mr. Ramirez-Gonzalez's motion (Doc. 595).  *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that district courts should dismiss for lack of jurisdiction if defendant is ineligible for a sentence reduction under § 3582(c)(2)); *United States v. Hernandez*, No. 19-10002-02, 2024 WL 2955711, at *2 (D. Kan. June 12, 2024) (dismissing Amendment 821 motion to reduce sentence when the court already had sentenced defendant to minimum of amended guideline range).

## IV.   Conclusion

   The court is without jurisdiction to consider Mr. Ramirez-Gonzalez's current motion.  Thus, the court dismisses Mr. Ramirez-Gonzalez's motion for lack of jurisdiction.

   **IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Ramirez-Gonzalez's Motion to Reduce Sentence (Doc. 595) is dismissed.

   **IT IS SO ORDERED.**

   **Dated this 19th day of July, 2024, at Kansas City, Kansas.**

                  **s/ Daniel D. Crabtree**
                  **Daniel D. Crabtree**
                  **United States District Judge**